

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

Carl E. Dorsey (#B-62990),    )
             )
   Plaintiff,      )   Case No: 15 C 0936
             )
   v.         )
             )   Judge John W. Darrah
Tom Dart, et al.,      )
             )
   Defendants.    )

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $44.97 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee and to continue making monthly deductions in accordance with this order. Plaintiff's complaint [1] is allowed to proceed against Defendant Brenda Taylor. Defendant Tom Dart is dismissed on preliminary review under 28 U.S.C. § 1915A. The Clerk is directed to: (1) terminate Tom Dart as a defendant; (2) change the docket to reflect Defendant Taylor as the lead defendant; (3) send a copy of this order to the trust fund officer at Plaintiff's current place of incarceration; (4) issue summons for service on Defendant Taylor; (5) send Plaintiff a blank USM-285 (Marshals service) Form and instructions; and (6) send Plaintiff a Magistrate Judge Consent Form and instructions for submitting documents along with a copy of this order. Plaintiff's motion for attorney representation [4] is denied without prejudice.

## STATEMENT

Plaintiff Carl Dorsey, a former pretrial detainee at the Cook County Jail, brought this civil rights action under 42 U.S.C. § 1983. Plaintiff names as Defendants Sheriff Tom Dart and Cook County Jail dentist Brenda Taylor. Plaintiff alleges that on approximately August 6, 2014, he saw Defendant Taylor to replace a filling. For reasons that are unclear in Plaintiff's complaint, Taylor was unable to refill the tooth, left Plaintiff's nerve exposed, and refused to prescribe pain medication. According to Plaintiff, his nerve was left exposed for a "couple of weeks" before Taylor's supervisor replaced the filling.

Plaintiff has established that he does not have the ability to pre-pay the filing fee. The court therefore grants Plaintiff's application for leave to proceed *in forma pauperis* [3]. *See* 28 U.S.C. § 1915(a)(1). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $44.97. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account when funds become available and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund

account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to screen *pro se* prisoners' Section 1983 complaints and dismiss lawsuits brought *in forma pauperis* if the court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). The Seventh Circuit has indicated that a dental condition may constitute a serious medical need for purposes of a claim under 42 U.S.C. § 1983. *See Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005); *see also Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("dental care is one of the most important medical needs of inmates") (citation omitted). Consequently, Plaintiff's allegations that Defendant Taylor was responsible for his dental care, left a nerve exposed for a couple of weeks, and refused to prescribe Plaintiff medications to alleviate his pain is sufficient to state a claim for deliberate indifference against Defendant Taylor.

Defendant Dart, however, is dismissed from this action. Section 1983 creates a cause of action based on personal liability and predicated on fault, thus "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). To be held liable under § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). Plaintiff alleges no conduct whatsoever by Defendant Dart. Dart therefore is dismissed.

The Clerk is directed to terminate Tom Dart as a defendant to this action. The Clerk also is directed to issue summons for service of the complaint on Defendant Taylor. The Clerk is directed to mail Plaintiff a blank USM-285 (Marshals service) Form. The court advises Plaintiff that a completed USM-285 Form is required for service on Defendant Taylor. The United States Marshal will not attempt service on a Defendant unless and until the required form is received. Plaintiff therefore must complete and return the form within twenty-eight days of the date of this order.

The United States Marshals Service is appointed to serve Defendant Taylor. The United States Marshal is directed to make all reasonable efforts to serve Defendant. The United States Marshal is authorized to send a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must also send an exact copy of any filing (not including the USM-285 Form) to Defendant Taylor or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also ensure all pleadings, written motions, and other papers submitted to the court are signed in compliance with Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff also seeks attorney representation [4]. "There is no constitutional or statutory right to counsel in federal civil cases." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *See Navejar*, 718 F.3d at 696 (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted). The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

After considering the above factors, the court concludes that solicitation of counsel is not warranted in this case. The claim alleged by Plaintiff is not so complex as to require counsel. Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to this lawsuit and indicates that he is a college graduate. Plaintiff, whose submissions to date have been coherent and articulate, appears capable of litigating this matter. It also should be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Consequently, Plaintiff's motion for attorney representation [4] is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

Date: 3-16-15                     /s/ Darral