**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARL E. DORSEY, | ) | |
| | ) | |
| Plaintiff, | ) | 15 CV 00936 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | John W. Darrah |
| BRENDA TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS ASSERTED IN**
**PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS**

Defendant, BRENDA TAYLOR, ("Defendant"), by her attorney, ANITA ALVAREZ, State's Attorney of Cook County, through her Assistant, James E. Nichols, move this Honorable Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P.") to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. In support of this motion, Defendant states as follows:

**INTRODUCTION**

On January 28, 2015, Carl Dorsey ("Plaintiff"), filed a Complaint in this Court alleging an official capacity § 1983 claim against Cook County Sheriff, Tom Dart, and an individual capacity § 1983 claim against Cermak Health Services ("Cermak") dentist, Brenda Taylor, for failing to provide adequate dental care while incarcerated at the Cook County Jail in August, 2014. (Dkt., #1.) In response to Plaintiff's Complaint, this Honorable Court conducted its preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (Dkt., #7.) After reviewing Plaintiff's Complaint, this Honorable court dismissed Plaintiff's claims against Sheriff Dart because "Plaintiff alleges no conduct whatsoever by Defendant Dart." (Dkt., #7, at 2.)

However, with respect to Defendant Taylor, this Honorable Court stated:

> "Plaintiff's allegations that Defendant Taylor was responsible for his dental care, left a nerve exposed for a couple of weeks, and refused to prescribe Plaintiff medications to alleviate his pain is sufficient to state a claim for deliberate indifference against Defendant Taylor." (Dkt. #7, at 2.)

As a preliminary matter, it should be noted that this Motion does not dispute the findings of this Honorable Court's, March 23, 2015, Order. Rather, this Motion seeks to dismiss additional claims against Defendant that are unrelated to the grievance Plaintiff attached to his Complaint.

Specifically, Plaintiff filed a grievance on August 6, 2014, stating that "[Defendant] refused me (re-visit) treatment for a filling that I have Med Requested to be replaced since 30 APR 14." (Dkt. #1, Ex. 1, *Grievance #2014x4794*.) Plaintiff's Complaint concedes that his filling was fixed a few weeks later by Dr. Taylor's supervisor.[1] (Dkt., #1, at 4.) Plaintiff's Complaint, however, improperly raises additional claims of deliberate indifference against Defendant that were neither raised in his August 6, 2014, grievance, nor relevant to the subject matter of his August 6, 2014, grievance (*i.e.* dental care related to his filling). (Dkt. #1, at 5.)

This Honorable Court's, March 23, 2015, Order does not appear to address these additional claims. (*See generally* Dkt., #7.) Given that this Honorable Court's March 23, 2015, Order is silent as to Plaintiff's additional claims, Defendant respectfully moves this Honorable Court to dismiss the additional unexhausted claims raised on Page 5 of Plaintiff's Complaint, pursuant to F.R.C.P. 12(b)(6).

**STANDARD OF REVIEW**

---

[1] "[Defendant] 'revisted' me without replacing tooth filling or prescribing pain meds for an additional couple of weeks. Work done by her supervisor dentist – Filling Repaired." (Dkt. #1, at 4.)

Under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010)(citation omitted). A claim is "plausible" when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556.

To survive dismissal under Rule 12(b)(6), a plaintiff must plead sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556 (emphasis added); *see Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)(a court need not strain to find inference from the complaint's allegations). Moreover, a court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), or "naked assertion[s] devoid of any factual enhancement." *Twombly*, 550 U.S. at 557. A complaint cannot escape dismissal merely by pleading facts that are "consistent with a defendant's liability." *Id.*

## ARGUMENT

### I.  PLAINTIFF IMPROPERLY SEEKS TO RAISE CLAIMS IN HIS COMPLAINT THAT WERE NEITHER RAISED IN HIS GRIEVANCE, NOR RELEVANT TO THE SUBJECT MATTER OF HIS GRIEVANCE.

The Prison Litigation Reform Act ("PLRA") requires incarcerated plaintiffs to exhaust the administrative remedies provided at their correctional facility prior to filing a lawsuit in federal court. 42 U.S.C. § 1997e(a); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Defendant notes, however, that the PLRA does not require "total exhaustion" as to all claims

before a court. *Jones v. Bock*, 649 U.S. 199 (2007). Nevertheless, Plaintiff's Complaint asserts claims that are neither raised, nor related to the grievance attached to his Complaint. (*Compare* Dkt., #1, Ex. 1; and Dkt., # 1, at 5.) To the extent that Plaintiff's Complaint raises unexhausted claims, such claims should be dismissed. *Jones*, 649 U.S. at 221 (*quoting Robinson v. Page*, 170 F.3d 747, 748-749 (7th Cir 1999)).

Plaintiff is using his Complaint as a vehicle to improperly raise additional claims against Defendant, which were neither raised by Defendant in his grievance, nor relevant to the subject matter of his grievance. In addition to the claims asserted by Plaintiff with respect to his dental filling, Plaintiff's Complaint alleges, in pertinent part:

> "Okay I was transferred to RTU 8, 3B and have been putting in slips since 26 Sep 14 and was told that I was scheduled to see Dentist (Div. 6) in December and then January (15) and now for a tooth ache now that I seem to be just revisted when one according to D.O.C., C.C.H.S policy should be seen within two days. Nurse Jones saw me on Jan 9, 2015 @ RTU 8 3rd floor [illegible]. Told me I am now scheduled for Dentist in March 2015. As you may concur Since I grieved DMD Brenda Taylor (Div. 6 is Dentist for RTU) I'am in pain no help! It seems that this Dentist, Dental Department as a whole here suffers with compassion fatigue. A form of emotional burnout!" (Dkt. #1, at 5.)

In seeking to impose § 1983 liability on Defendant, Plaintiff discusses health slips he allegedly filed about a generic, non-specific "tooth ache" in late September, 2014; Plaintiff complains about dental appointment scheduling policies at Cermak; Plaintiff expresses concern about *potentially* being seen by Defendant again in March, 2015; Plaintiff alleges he is in pain and not getting any help; and finally, Plaintiff alleges a lack of compassion on behalf of Defendant, and the entire Cermak dental department. (Dkt., #1, at 5.) These additional allegations are improper, and should be dismissed, or at minimum stricken from Plaintiff's Complaint.

Plaintiff's claims with respect to his *dental filling* are properly before this Honorable

Court. (Dkt., #7, at 2.) Plaintiff filed a grievance with respect to his dental filling. (Dkt., #1, Ex. 1.) Plaintiff attempted to appeal his grievance after receiving a response from Cermak, but his appeal was denied. (*Id.*) Plaintiff then sought relief in this Court regarding the dental care he received with respect to his dental filling. (*Id.*) Per this Honorable Court's March 23, 2015, Order, Plaintiff's Complaint stated a claim against Defendant. (Dkt., #7, at 2.)

However, in addition to his dental filling-related claim, Plaintiff raises an entirely new set of claims, which allegedly arose *after* his filling was repaired in August 2014. (Dkt., #1, at 4-5.) Since the additional claims were not included in Plaintiff's grievance, and are otherwise irrelevant to his dental filling-related claim, Defendant respectfully argues that these additional, unexhausted claims should fail as a matter of law. As the Seventh Circuit stated in *Robinson*: "when a complaint has both good and bad claims … the bad claims are dismissed; the complaint as a whole is not." *Robinson*, 170 F.3d at 748-749.

To the extent that Plaintiff seeks damages for these additional claims – which according to Plaintiff's Complaint arose after his filling was repaired, and were otherwise not included in the grievance attached to Plaintiff's Complaint – Plaintiff's unexhausted claims should be dismissed.[2]

## II.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT FOR CONDUCT THAT ALLEGEDLY TOOK PLACE AFTER HIS FILLING WAS REPAIRED IN AUGUST, 2014.

Second, Plaintiff admits that his filling was repaired in August 2014. (Dkt. #1, at 4.) Yet Plaintiff apparently seeks damages against Defendant for events that (1) allegedly took place after August 2014, and (2) are otherwise unrelated to the alleged conduct of Defendant. (*Id.*) As this Honorable Court noted in its March 23, 2015, Order, "to be liable under § 1983, an

---

[2] It should be noted that Defendant is not seeking to foreclose Plaintiff from raising these additional claims in a separate lawsuit. Defendant merely references the PLRA to support her argument that these additional, unexhausted claims are not properly before this Court.

individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. Of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). (Dkt., #7, at 2.)

Here, although Plaintiff alleges additional claims that appear consistent with Defendant's liability, Plaintiff's Complaint and Exhibit should foreclose any finding of a reasonable inference that Defendant is liable for these additional claims, since the source of Plaintiff's alleged constitutional violation (*i.e.* his unrepaired dental filling) was remedied a "couple of weeks" after his alleged encounter with Defendant. (Dkt. #1, at 4.) Accordingly, *Iqbal* and *Twombly*, support dismissal of the claims raised by Defendant on Page 5 of his Complaint pursuant to F.R.C.P. 12(b)(6) since the claims fail to allege any wrongdoing on behalf of Defendant, and are unrelated to the treatment of Plaintiff's filling.

## **CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that the claims raised by Plaintiff on Page 5 of his Complaint against Defendant be dismissed, without prejudice, pursuant to F.R.C.P. 12(b)(6). Moreover, Defendant respectfully requests that this Court stay any responsive pleadings in this matter until this Court rules on this motion.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:     */s/ James E. Nichols*
       James E. Nichols
       Assistant State's Attorney
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       312-603-3474