# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Carl E. Dorsey (#B-62990), | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 15 C 0936 |
| v. | )<br>) Judge John W. Darrah |
| Brenda Taylor, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Carl E. Dorsey, a former inmate at Cook County Jail, brought this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that dental personnel at the jail were deliberately indifferent to his serious medical needs. This matter is before the Court on Defendant Taylor's motion to dismiss portions of Dorsey's complaint [20]. For the following reasons, the motion is granted.

## BACKGROUND

Dorsey alleged in his complaint that on August 6, 2014, he saw Defendant Taylor, a jail dentist, to replace a filling. (Dkt. No. 8, Comp. at 4.) For reasons that are unclear in the complaint, Taylor was unable to refill the tooth, left Dorsey's nerve exposed, and refused to prescribe pain medication. (*Id.*) According to Dorsey, his nerve was left exposed for a "couple of weeks" before Taylor's supervisor replaced the filling. (*Id.* at 4-5.)

Dorsey also alleges that on September 26, 2014, he began requesting to be seen for a toothache. (*Id.* at 5.) A nurse examined Dorsey on January 9, 2015, and told him he was scheduled to be seen by a dentist in March 2015. (*Id.*) On January 28, 2015, the Court received Dorsey's complaint alleging that he is "in pain no help!" (*Id.*) Dorsey appears to attribute the delay in his appointment with the dentist to his having filed a grievance against Taylor. (*Id.*)

On March 16, 2015, the Court screened Dorsey's complaint under 28 U.S.C. § 1915A and allowed a claim to proceed against Taylor arising from Plaintiff's allegation that Taylor failed to fill Dorsey's tooth on August 6, 2014, leaving a nerve exposed. The Court did not address Plaintiff's allegations concerning his subsequent toothache.

Before the Court is Taylor's motion to dismiss those portions of Dorsey's complaint that the Court did not address in its March 16, 2015 screening order.

## ANALYSIS

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *County of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998) (explaining that deliberate indifference claims against jail personnel arise under the Fourteenth Amendment rather than the Eighth Amendment but are analyzed under a similar standard). The Seventh Circuit has indicated that a dental condition may constitute a serious medical need for purposes of a claim under 42 U.S.C. § 1983, *see Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005), but to sustain a claim that a defendant acted with deliberate indifference to his serious medical needs, a plaintiff must be able to show that his need was objectively serious and that the defendant acted with a deliberate indifference to that need, *Greeno*, 414 F.3d at 653.

Dorsey's claim concerning his January 2015 toothache fails on both prongs of the deliberate indifference analysis. First, the facts alleged by Dorsey do not show that he suffered from an objectively serious dental condition in January 2015. A serious medical need does not include "every ache and pain or medically recognized condition involving some discomfort." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997). Rather, it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* at 1373. Dorsey's allegation that he suffered from a "toothache" satisfies neither of these criteria.

Dorsey also alleged no facts from which it may be inferred that Taylor was deliberately indifferent to his need for treatment of his January 2015 toothache. The facts alleged by Dorsey show only that he was scheduled for a dental appointment concerning his toothache in January

2015, and at that time, the nurse who performed the initial examination scheduled Dorsey for a follow-up appointment with the dentist approximately two months later. Dorsey then filed this federal lawsuit before his appointment with the dentist took place. Dorsey appears to believe that Taylor was responsible for his failure to receive an appointment with the dentist sooner, but unsupported conclusions and speculation are insufficient to support a federal cause of action. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]") Dorsey's allegations therefore do not state a claim against Taylor arising from treatment of his January 2015 toothache.

## CONCLUSION

Accordingly, Defendant's motion to dismiss portions of Plaintiff's complaint [20] is granted. Any claims arising from Dorsey's January 2015 toothache are dismissed without prejudice for failure to state a claim. Because Dorsey failed to state a claim concerning his January 2015 toothache, the Court need not reach Taylor's argument that Dorsey failed to exhaust his administrative remedies concerning these claims.

Date: 10-14-15 /s/ [signature]